IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LANA THUY DANG,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　Plaintiff,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　CIVIL ACTION
v.　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　NO. 1:11-CV-4143-TWT-ECS
JPMORGAN CHASE BANK,　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　Defendant.　　　　　　　　　:

### ORDER, FINAL REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant's motion to dismiss, [Doc. 2], and Defendant's motion to stay, [Doc. 3]. For the reasons discussed herein, **IT IS RECOMMENDED** that Defendant's motion to dismiss, [Doc. 2], be **GRANTED**, and **IT IS ORDERED** that Defendant's motion to stay, [Doc. 3], is **GRANTED**.

### I.
### Background

On November 1, 2011, Plaintiff Lana Thuy Dang ("Plaintiff") filed a complaint against Defendant in the Superior Court of Gwinnett County, alleging violations of various Georgia state laws arising out of Plaintiff's home loan and subsequent non-judicial foreclosure on her property. [Doc. 1-1].

On November 30, 2011, Defendant removed the case to this Court, [Doc. 1], and filed the instant motion to dismiss Plaintiff's complaint, [Doc. 2], on December 7, 2011. Defendant's motion is

unopposed, Plaintiff having failed to respond to the motion within the time allowed. LR 7.1B, NDGa. For the reasons discussed herein, the undersigned **RECOMMENDS** that Defendant's motion to dismiss, [Doc. 2], be **GRANTED**, and that Plaintiff's complaint be **DISMISSED**. Further, the undersigned recommending that Plaintiff's complaint be dismissed, **IT IS ORDERED** that Defendant's motion to stay, [Doc. 3], is **GRANTED**.

## II.
## Discussion

### A. Standard for Rule 12(b)(6) Dismissal

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). When considering such a motion, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. M.T.V. v. DeKalb Cnty. Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006) (citation omitted); Fuller v. Johannessen, 76 F.3d 347, 349-50 (11th Cir. 1996). Although the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at

AO 72A
(Rev.8/82)

1965. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id.

**B. Plaintiff's Claims**

  **1. Plaintiff's Good Faith and Fair Dealing Claim**

In Count I of her complaint, Plaintiff alleges that "[a] mortgage contains an[] implied covenant of good faith and fair dealing on the part of the mortgagee," and that Defendants "had no standing to foreclose or modify the contract." [Doc. 1-1 at 9]. This claim is due to be dismissed, however, because Georgia law does not recognize a separate cause of action for a party's alleged failure to act in good faith. Stuart Enters. Int'l, Inc. v. Peykan, Inc., 252 Ga. App. 231, 222-34 (2001).[1] Further, to the extent Plaintiff's claim invokes the obligation of good faith under the Uniform Commercial Code, O.C.G.A. § 11-1-203, that code section applies to the sale of goods but not to "the financing of residential lots." Lake Tightsqueeze, Inc. v. Chrysler First Fin. Servs. Corp., 210 Ga. App. 178, 180 (1993). Accordingly, **IT IS RECOMMENDED** that Count I of Plaintiff's complaint be **DISMISSED**.

---

[1] Rather, such a claim would be embedded in a breach of contract claim, which has not been brought by Plaintiff. Stuart, 252 Ga. App. at 233.

3

## 2. Plaintiff's Fraud in the Inducement Claim

Count II of Plaintiff's complaint alleges that "Defendant(s) (sic) had an absolute right to be told of any collateralization, securitization, or making a derivative of, the alleged mortgage as the collateralization, securitization, or making a derivative of the promissory note reduces the value of the property thereby interfering with Plaintiff(s) (sic) property interest." [Doc. 1-1 at 10]. Plaintiff alleges that "[t]he failure of the lender to advise Plaintiff(s) (sic) of the above constitutes fraud in the inducement." [Id.].

This claim is also due to be dismissed. The federal rules require that claims of fraud "state with particularity the circumstances constituting [the] fraud." Fed. R. Civ. P. 9(b). A plaintiff satisfies this heightened pleading standard by setting forth the following:

> (1) Precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997) (internal quotation omitted). In this case, Plaintiff has not set forth any of these four categories of

4

information. She has not specified who made the statements, when the statements were made, how she was misled, or what Defendants obtained as a result of the alleged fraud.

Further, even if Plaintiff had met the heightened pleading requirements for a claim of fraud, her claim would still be due to be dismissed. She asserts that her "reliance on the silence of Defendant . . . has resulted in a diminishment of Plaintiff(s) (sic) properly (sic) interest," [Doc. 1-1 at 10], but the fact that Plaintiff's mortgage may have been "pooled with other loans into a securitized trust . . . would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan." Searcy v. EMC Mortg. Corp., [Doc. 11 at 2], 1:10-cv-00965-WBH (N.D. Ga. Sept. 30, 2010). Accordingly, **IT IS RECOMMENDED** that Count II of Plaintiff's claim be **DISMISSED**.

### 3. Plaintiff's Unfair Trade Practice Claim

In Count III of her complaint, Plaintiff alleges that "[t]he filing of a mortgage foreclosure and claiming that the Defendant owns or holds the note, when the note has been collateralized, securitized or made a derivative of, is an unfair trade practice." [Doc. 1-1 at 12]. This claim is also due to be dismissed.

No such statute exists under the name "Unfair Trade Practice," nor does Plaintiff reference a particular statute by code section. If Plaintiff intends to refer to the Georgia Fair Business Practices

5

Act ("GFBPA"), which prohibits "[u]nfair or deceptive practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce," O.C.G.A. § 10-1-393(a), Plaintiff's claim fails. As Defendant observes, the GFBPA does not apply to residential mortgage transactions. <u>Zinn v. GMAC Mortg.</u>, 1:05-cv-1747-MHS (N.D. Ga. Feb. 21, 2006).

Even if the GFBPA did apply, Plaintiff "has asserted no facts which show that any other member of the consuming public was harmed by the defendants' alleged practices and acts," despite the fact that the GFBPA "does not encompass suits . . . which occur in an essentially private transaction." <u>Id.</u> (internal citation omitted). Finally, as discussed, Plaintiff has not specified how securitization of her loan has reduced the value of her property, which is the basis of her "Unfair Trade Practices" claim. <u>See</u> [Doc. 1-1 at 11] (alleging under her "Unfair Trade Practices" claim that "Defendant is participating in a fraud upon the court as it does not own the alleged promissory note exclusively"). Accordingly, **IT IS RECOMMENDED** that Count III of Plaintiff's claim be **DISMISSED**.

**4. Plaintiff's Declaratory Judgment Act Claim**

In Count IV, Plaintiff seeks declaratory judgment because "Defendant converted Plaintiff(s) (sic) property by collateralization, securitization, or making derivative of the promissory note without notice to Plaintiff(s)." [Doc. 1-1 at 12].

However, this claim fails. This argument - that the deed is rendered unenforceable by the alleged placement of her loan into a securitized pool - has been considered and rejected by several of the judges in this Court and is without legal merit. E.g., Searcy, 1:10-cv-00965-WBH, [Doc. 11], ("While it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure.") (Hunt, J.); Lefont v. SunTrust Mortg., Inc., 2:10-cv-036-RWS-SSC, 2011 WL 679426 at *1-2 (N.D. Ga. Jan. 27, 2011) (Cole, J.) (dismissing complaint based on pooling of securities allegation), adopted by Lefont, 2011 WL 674749 (N.D. Ga. Feb. 16, 2011) (Story, J.); Martin v. Citimortgage, 1:10-cv-00656-TWT-AJB, 2010 WL 3418320 at *3, *9 (N.D. Ga. Aug. 3, 2010) (Baverman, J.), adopted by Martin, 2010 WL 3418322 (N.D. Ga. Aug. 25, 2010) (Thrash, J.). Accordingly, **IT IS RECOMMENDED** that Count IV of Plaintiff's complaint be **DISMISSED**.

### 5. Plaintiff's Temporary Injunctive Relief Claim

Finally, Count V of Plaintiff's complaint seeks "temporary injunctive relief against Defendant(s)," requesting that Defendants be made to "Cease and Desist all attempts to take Plaintiff(s) (sic)

AO 72A
(Rev.8/82)

property and payments to service contracts that may not be valid."
[Doc. 1-1 at 13]. This claim also fails because a district court may
grant injunctive relief only if the moving party shows the
following:

> (1) she has a substantial likelihood of success on the
> merits; (2) irreparable injury will be suffered unless
> the injunction issues; (3) the threatened injury to the
> movant outweighs whatever damage the proposed
> injunction may cause the opposing party; and (4) if
> issued, the injunction would not be adverse to the
> public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). As
considered and rejected above, Plaintiff's securitization argument
does not have merit, much less a "substantial likelihood" of success
on the merits. Id.; accord Searcy, 1:10-cv-00965-WBH, [Doc. 11].
Accordingly, **IT IS RECOMMENDED** that Count V of Plaintiff's claim be
**DISMISSED**.

### III.
### Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that
Defendant's motion to dismiss, [Doc. 2], be **GRANTED**, and that
Plaintiff's complaint, [Doc. 1-1], be **DISMISSED**. Because of the
undersigned's recommendation that Plaintiff's complaint be
dismissed, **IT IS ORDERED** that Defendant's motion to stay, [Doc. 3],
is **GRANTED**. With no matters pending before the undersigned, the

8

Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 12th day of January, 2012.

                                             s/ *E. Clayton Scofield*
                                             E. CLAYTON SCOFIELD III
                                             UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)